

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:14cr9HSO-JMR

SANJAY SINHA,  21 U.S.C. § 846
JOSHUA LOCKE,  21 U.S.C. § 841(a)(1)
ROBERT THORNTON II and
JOHN MATTINA

**The Grand Jury charges:**

COUNT 1

That beginning at least as early as 2009 and continuing up to the date of this indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **SANJAY SINHA, JOSHUA LOCKE, ROBERT THORNTON II and JOHN MATTINA**, did knowingly conspire with others both known and unknown to the Grand Jury, to distribute and dispense controlled substances outside the scope of professional practice, to wit Oxycodone, a Schedule II narcotic drug controlled substance and Hydrocodone, a Schedule III narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

COUNT 2

That on or about August 7, 2010, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **SANJAY SINHA**, aided and abetted by others known and unknown to the grand jury, distributed and dispensed a controlled substance outside

the scope of professional practice, to wit Oxycodone, a Schedule II narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 3

That on or about September 5, 2010, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant, **SANJAY SINHA**, aided and abetted by others known and unknown to the grand jury, distributed and dispensed a controlled substance outside the scope of professional practice, to wit Oxycodone, a Schedule II narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

That on or about March 18, 2011, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendants, **SANJAY SINHA and JOHN MATTINA**, aided and abetted by others known and unknown to the grand jury, distributed and dispensed a controlled substance outside the scope of professional practice, to wit Hydrocodone, a Schedule III narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 5

That on or about July 19, 2011, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendants, **SANJAY SINHA and JOSHUA LOCKE**, aided and abetted by others known and unknown to the grand jury, distributed and dispensed a controlled substance outside the scope of professional practice, to wit Hydrocodone, a Schedule

III narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 6

That on or about December 12, 2011, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendants, **SANJAY SINHA and ROBERT THORNTON II**, aided and abetted by others known and unknown to the grand jury, distributed and dispensed a controlled substance outside the scope of professional practice, to wit Hydrocodone, a Schedule III narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 7

That on or about June 2, 2012, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendants, **SANJAY SINHA and JOHN MATTINA**, aided and abetted by others known and unknown to the grand jury, distributed and dispensed a controlled substance outside the scope of professional practice, to wit Hydrocodone, a Schedule III narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been

placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 19th day of February, 2014.

UNITED STATES MAGISTRATE JUDGE