IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. 1:14cr9-HSO-JMR |
| § | |
| SANJAY SINHA, § | |
| JOSHUA LOCKE, § | |
| ROBERT THORNTON, II, and § | |
| JOHN MATTINA § | |

<u>**ORDER DENYING DEFENDANT SANJAY SINHA'S
MOTION [47] TO BIFURCATE TRIAL**</u>

BEFORE THE COURT is Defendant Sanjay Sinha's Motion [47] entitled Motion to Bifurcate, which the Court construes as a Motion to Sever pursuant to Federal Rule of Criminal Procedure 14(a).   Sinha requests a severance of his trial, alleging that if he is tried jointly with his Codefendants, "the evidence used against [the] other defendants . . . will have a substantial injustice against [him]." Mot. [47] 1.   The Government responds that Sinha's Motion is too nonspecific to warrant relief and asserts that because Sinha has been charged with conspiring with his Codefendants, a joint trial is appropriate.   Having considered the parties' submissions, the record, and relevant legal authority, the Court finds that Sinha's Motion [47] should be denied.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transactions, constituting an offense or offenses."   In turn, Rule 14 of the Federal Rules of Criminal Procedure allows severance and provides:

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

To warrant severance, a movant must show that he would suffer specific and compelling prejudice against which the Court is unable to provide protection by less drastic measures, such as through limiting instructions. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). When defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. "Generally, the propriety of joinder under Rule 8 is to be judged from the allegations of the indictment, which for these purposes are assumed to be true." *United States v. Chagra,* 754 F.2d 1186, 1188 (5th Cir. 1985).

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro,* 506 U.S. at 539. Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 537. "The general rule, especially in conspiracy cases, is that persons jointly indicted should be tried together and that severance should not be granted absent a showing of the most compelling prejudice." *United States v. Kelly,*

2

569 F.2d 928, 938 (Former 5th Cir. 1978).[1]  "Rule 14 leaves the determination of risk of prejudice . . . to the sound discretion of the district courts."  *Zafiro,* 506 U.S. at 541.  "The risk of prejudice will vary with the facts in each case . . . ."  *Id.* at 539.  "Any possibility of prejudice . . . must be balanced against the public's interest in the efficient administration of justice."  *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1128 (5th Cir. 1997).

The Indictment [3, 4] here contains seven Counts.  Sinha is charged in all seven Counts, including Count 1, which alleges that he conspired with his Codefendants to distribute controlled substances outside the scope of professional practice.  Sinha does not argue that he has been improperly joined in the Indictment, and joinder is proper because Defendants "are alleged to have participated in the same act or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Because joinder is proper, Sinha must demonstrate compelling prejudice that cannot be cured by less drastic measures.  *Zafiro,* 506 U.S. at 539.  He has not made this showing.

Sinha's Motion does not articulate any specific instances of prejudice.  Instead, the Motion consists of a general assertion that there is a "reasonable probability" that "evidence used against other defendants" in a joint trial will cause "substantial injustice" to him. Mot. [47] 1.  Sinha does not identify the evidence

---

[1] "The rule, rather than the exception, is that persons indicted together should be tried together, especially in conspiracy cases."  *United States v. Pena-Rodriguez,* 110 F.3d 1120, 1128 (5th Cir. 1997)(citing *United States v. Pofahl,* 990 F.2d 1456, 1483 (5th Cir. 1993)).

against his Codefendants that his Motion references or explain why this evidence will cause him substantial injustice. Likewise, Sinha does not address or demonstrate that less drastic measures, such as limiting instructions, cannot cure any purported prejudice. Sinha's unadorned Motion, lacking factual enhancement or supporting law, is insufficient to meet the "heavy burden" placed upon a party seeking severance. *United States v. Daniels,* 281 F.3d 168, 177 (5th Cir. 2002). The Court finds no reason in this case to depart from the general rule "especially in conspiracy cases" that persons jointly indicted should be tried together. *Pena-Rodriguez,* 110 F.3d at 1128. Sinha's Motion [47] seeking severance of his trial from the trial of his Codefendants should be denied. Accordingly,

**IT IS, ORDERED AND ADJUDGED** that, Defendant Sanjay Sinha's Motion [47] to Bifurcate Trial, which the Court construes as a motion to sever pursuant to Federal Rule of Criminal Procedure 14(a), is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of May, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE