IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:14cr9-HSO-JMR |
| | § | |
| SANJAY SINHA, | § | |
| JOSHUA LOCKE, | § | |
| ROBERT THORNTON, II, and | § | |
| JOHN MATTINA | § | |

**ORDER DENYING DEFENDANT SANJAY SINHA'S
MOTION [72] FOR BILL OF PARTICULARS; DENYING SINHA'S MOTION
[74] FOR EARLY DISCLOSURE OF JENCKS ACT WITNESS STATEMENTS
AND *GIGLIO* IMPEACHMENT MATERIAL; DENYING SINHA'S MOTION
[73] FOR DISCLOSURE AND PRODUCTION OF GOVERNMENT
INFORMANTS; AND DENYING SINHA'S MOTION [76] TO INTERVIEW
GOVERNMENT INFORMANTS, COOPERATING INDIVIDUALS, AND
UNDERCOVER AGENTS PRIOR TO TRIAL**

BEFORE THE COURT are four motions filed by Defendant Sanjay Sinha: (1) Motion [72] for Bill of Particulars; (2) Motion [74] for Early Disclosure of Jencks Act Witness Statements and *Giglio* Impeachment Material; (3) Motion [73] for Disclosure and Production of Government Informants; and (4) Motion [76] to Interview Government Informants, Cooperating Individuals, and Undercover Agents Prior to Trial.  The Government has responded [80, 81, 83] to the Motions, and Sinha has filed no rebuttals.  Having considered the parties' submissions, the record, and relevant legal authority, the Court finds that Sinha's Motions [72, 73, 74, 76] should be denied.

A. <u>Sinha's Motion [72] for Bill of Particulars</u>

Sinha desires more detailed information than that contained in the Indictment and moves for a bill of particulars, pursuant to Federal Rule of Criminal Procedure 7(f). Rule 7(f) provides that '[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Rule 7(f) contemplates that a motion for bill of particulars be filed soon after arraignment, and its function "is to enable the defendant to prepare for trial and avoid prejudicial surprise as well as providing protection against a subsequent prosecution for the same offense." *United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir. 1980). "It is well established that generalized discovery is not a permissible goal of a bill of particulars." *United States v. Davis,* 582 F.2d 947, 951 (5th Cir. 1978).

Sinha filed his Motion [72] for Bill of Particulars well beyond "14 days after arraignment." The Motion was filed over five months after Sinha was arraigned and over four months after the parties were obligated to exchange discovery as detailed in subsection 1(a) and 2(a) of the Order Regarding Discovery [39, 106]. Sinha's Motion contains what are, in essence, sixteen interrogatories propounded to the Government requesting detailed information about the Government's legal theories and evidence. The Government opposes Sinha's Motion and contends that Sinha is attempting to bypass Federal Rule of Criminal Procedure 16 and the Court's Order Regarding Discovery. Resp. [80] 3.

The timing of Sinha's Motion [72], as well as its substance, persuades the Court that Sinha is attempting to utilize a motion for bill of particulars as an instrument of generalized discovery. "A bill of particulars is not appropriate if used for the purpose of obtaining a detailed disclosure of the government's evidence prior to trial." *United States v. Hamlin,* 68 F.3d 469, *1 (5th Cir. 1995)(citing *United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir. 1978)). For this reason, the Motion [72] for Bill of Particulars should be denied.

The Motion [72] should also be denied because a bill of particulars is "not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody,* 923 F.2d 341, 351 (5th Cir. 1991). An Order Regarding Discovery [39, 106] has been entered that details the scope and manner of the parties' disclosure obligations. The Government represents that Sinha has been provided with discovery beyond that to which he is now entitled, while other disclosures by the Government are not required until "at least (5) calendar days prior to trial on the merits . . . ." *See* Order Regarding Discovery [39, 106] § 1(b). Sinha has also received permission from the Court to issue a number of subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). 9/4/2014 TEXT ONLY ORDER resolving Motion [79]. Under the circumstances here, a bill of particulars is not appropriate, and Sinha's Motion [72] for Bill of Particulars should be denied.

3

B. <u>Sinha's Motion [74] for Early Disclosure of Jencks Act Witness Statements and *Giglio* Impeachment Material</u>

Sinha requests that the Court compel the Government to disclose, no less than twenty (20) working days before trial, witness statements under the Jencks Act, 18 U.S.C. § 3500, and witness impeachment materials as required by *Giglio v. United States,* 405 U.S. 150 (1972). Mot. [74] 1. The Order Regarding Discovery [39, 106] provides that the United States Attorney is required to provide Jencks Act statements and *Giglio* impeachment material "at least five (5) calendar days prior to trial on the merits . . . ." Order [39] 1-2.

Sinha urges that early disclosure of Jencks Act statements and *Giglio* materials is warranted due to defense counsel's anticipation that the Government will call approximately thirty witnesses as part of its case in chief at Sinha's trial. Mot. [74] 3-4. Sinha asserts that defense counsel needs Jencks Act statements and *Giglio* impeachment material more than five days before trial in order to effectively use this information during their cross-examination of the Governments' witnesses.

In response, the Government posits that defense counsel has "overstate[d] the size of the Government's case." Resp. [83] 1. The Government submits that it does not anticipate thirty fact witnesses, and represents that, to its knowledge, "only one fact witness . . . has a discoverable Jencks Act Statement," which "will

4

be turned over shortly and well before the current requirement in the Discovery Order." *Id.*

Sinha has filed no rebuttal to the Government's Response [83] and has not persuaded the Court that the circumstances here warrant a departure from the requirements of the Order Regarding Discovery. This is particularly so in light of the Court's allowing Sinha to issue a number of subpoenas duces tecum pursuant to Federal Rule of Criminal Procedure 17(c). 9/4/2014 TEXT ONLY ORDER resolving Motion [79]. Sinha's Motion [74] for Early Disclosure of Jencks Act Witness Statements and *Giglio* Impeachment Material should be denied.

C. Sinha's Motion [73] for Disclosure and Production of Government Informants

Sinha requests an order compelling the Government to provide him with the identity of any confidential informants and to disclose each informant's exact role and extent of participation in the Government's underlying investigation. Mot. [73]. The Government again asserts that Sinha is attempting to bypass the Order Regarding Discovery [39, 106] by seeking to obtain a "non-reciprocal list of government witnesses and strategy long before trial." Resp. [81] 2. The Government relies on the "informant privilege" but also notes that Sinha has been provided a complete list of all individuals to whom he has prescribed

5

controlled substances in Mississippi, each of whom is a potential Government witness. *Id.*

The "informant privilege" is a privilege held by the government "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States,* 353 U.S. 53, 59 (1957). "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* The Government's interest in protecting the secrecy of informants' identities can, in certain circumstances, be outweighed by the defendant's right to a fair trial and interest in preparing an adequate defense. *Id.* at 60-61. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62; *see United States v. Alaniz,* 726 F.3d 586, 609 (5th Cir. 2013).

"The burden is squarely on the defendant to show that disclosure is essential for an adequate defense – and it is a 'heavy' one; it is not met by speculating about how useful an informant's testimony might be, for example." *United States v. Mills,* 710 F.3d 5, 14 (1st Cir. 2013). Sinha's Motion is nonspecific and speculative. He has not demonstrated that his case fits one of the limited

scenarios justifying disclosure of confidential informants.   Sinha's Motion [73] for Disclosure and Production of Government Informants should be denied.

   D. Sinha's Motion [76] to Interview Government Informants, Cooperating Individuals, and Undercover Agents Prior to Trial

Sinha requests an order from the Court requiring the Government to disclose to him the present location of any and all informants, cooperating individuals, and undercover agents who may be called by the Government to testify at his trial or who participated in the Government's underlying investigation, even if they are not expected to testify.   Mot. [76] 1-2.   Sinha further requests that the Government be ordered to refrain from obstruction efforts by defense counsel to interview such individuals.   *Id.* at 2.

The Order Regarding Discovery [39, 106] controls disclosure in this case, and Sinha has not demonstrated that a departure from the Order Regarding Discovery is warranted.   As previously determined, Sinha has not established that disclosure of confidential informants is appropriate.   The Government avers that it is well aware of its obligations not to "discourage or obstruct communication," and the Court agrees with the Government that no Order is needed reiterating those obligations.   Sinha's Motion [76] to Interview Government Informants, Cooperating Individuals, and Undercover Agents Prior to Trial should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Sanjay Sinha's Motion [72] for Bill of Particulars is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Sinha's Motion [74] for Early Disclosure of Jencks Act Witness Statements and *Giglio* Impeachment Material is **DENIED**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that Sinha's Motion [73] for Disclosure and Production of Government Informants is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Sinha's Motion [76] to Interview Government Informants, Cooperating Individuals, and Undercover Agents Prior to Trial is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of September, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE