IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 1:14cr9-HSO-JMR |
| § | |
| SANJAY SINHA, § | |
| JOSHUA LOCKE, § | |
| ROBERT THORNTON, II, and § | |
| JOHN MATTINA § | |

## ORDER DENYING DORIS WILLIAMS-MCNEELY'S REQUEST [127] TO WAIVE THE REQUIREMENT OF LOCAL COUNSEL AND DENYING THE GEORGIA COMPOSITE MEDICAL BOARD'S MOTION [125] TO QUASH SUBPOENA TO A NON-PARTY

BEFORE THE COURT are two motions: (1) nonresident attorney Doris Williams-McNeely's Request [127] to Waive the Requirement of Local Counsel; and (2) interested party Georgia Composite Medical Board's Motion [125] to Quash Subpoena to a Nonparty. Defendant Sanjay Sinha has filed a Response [128] and opposes both Motions. Having considered the Motions, the record, and relevant legal authority, the Court finds that both Motions should be denied.

**A. Doris Williams-McNeely's Request to Waive Requirement of Local Counsel**

Doris Williams-McNeely, Senior Assistant Attorney General for the State of Georgia, seeks to represent the Georgia Composite Medical Board and requests that the Court waive the requirement of local counsel. Mot. [127]. Williams-McNeely has neither applied for nor been granted *pro hac vice* admission.

A nonresident attorney who is not a member of the Mississippi Bar and who is not admitted to practice before the Mississippi Supreme Court may not practice in

this Court unless she is admitted *pro hac vice*.  L.U.Civ.R. 83.1(d)(2).  While Local Uniform Criminal Rule 44.1 grants the Court authority to waive the requirement of local counsel for eligible nonresident attorneys who have applied for *pro hac vice* admission, this provision does not provide that a nonresident attorney may bypass the requirement of *pro hac vice* admission altogether.  Williams-McNeely has no standing to request waiver of the requirement of local counsel because she has not applied for or been granted *pro hac vice* admission.  Her Request [127] to Waive the Requirement of Local Counsel should be denied.  Her Request should also be denied because Williams-McNeely has offered no reason why the requirement of local counsel should be waived.  It is not enough to assert that the "law" authorizes or prohibits a certain action; a party must explain and support its request for relief. *See de la O v. Hous. Auth. of City of El Paso, Tex.*, 417 F.3d 495, 501 (5th Cir.2005).

Nevertheless, because Defendant Sinha's trial will commence December 8, 2014, the Court will, in the interests of justice and expediency, resolve the Board's Motion [125] to Quash.  Should the Board appear in this case again through a nonresident attorney, that attorney must first apply for and be granted *pro hac vice* admission. Otherwise, future filings by the Board will be disregarded and stricken from the record.

### B. The Georgia Composite Medical Board's Motion to Quash Subpoena to a Nonparty

The Georgia Composite Medical Board seeks to quash a subpoena served upon it which essentially seeks all documents and records in the possession of the Georgia Composite Medical Board related to Defendant Sanjay Sinha.  Def.'s Resp. [128] 2.

On September 4, 2014, the Court granted Defendant Sinha's Federal Rule of Criminal Procedure 17(c) Motion to permit issuance of a subpoenas *duces tecum* to several entities, including the Georgia Composite Medical Board.  The Board informed Sinha's counsel on September 24, 2014, that it would not comply with the subpoena because the documents and records requested are privileged under Georgia statutes governing professional licensing and contain protected, confidential health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.).   Letter [128-1].   At the same time, the Board has provided documents and records in its possession regarding Sinha to the Government.

   The Board's Motion [125] to Quash does not comply with the Local Uniform Criminal Rules because it was not accompanied by a "Certificate of Conference":

> Except as specified below, all motions must be accompanied by a "Certificate of Conference." The certificate should be placed at the end of the motion following the certificate of service. The certificate must state that counsel has conferred with opposing counsel in a good faith attempt to resolve the matter without court intervention. Failure to file an accompanying certificate of conference may be deemed sufficient grounds for denying the motion.

L.U.Crim.R. 47(A).

   Under the circumstances here, the Court finds that failure to file an accompanying Certificate of Conference is sufficient grounds for denying the Board's Motion [125] to Quash.   It does not appear that the Board has meaningfully

conferred with counsel for Defendant Sinha to determine if the issues at hand can be resolved without Court intervention.

The Board's Motion to Quash should also be denied because the Board has not demonstrated that the subpoena should be quashed. The Board claims privilege and confidentiality pursuant to Georgia statutes governing professional licensing and pursuant to HIPAA but has cited no case law where a court has quashed a subpoena issued in a criminal case on the basis of privilege grounded in these statutes. To the extent that the Board relies on Georgia statutes and law, "federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege." *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991). While federal common law recognizes a law enforcement privilege, which the Board appears to be asserting but never expressly states, that privilege is qualified and not a blanket prohibition on production. *Id.* at 1159-60. Rather, the nonparty opposing production must make a substantial showing that the privilege is applicable and that specific harms are likely to result from disclosure. *Id.* (referencing ten-factor balancing test). The Board's perfunctory Motion contains no analysis, and the Board has not shown that the law enforcement privilege is applicable to the documents and records it is withholding or that specific harm is likely to result from disclosure.

To the extent that the Board is withholding responsive documents and records on the basis of HIPAA, the Board does not identify what, if any, information requested is protected by HIPAA, nor does the Board explain why HIPAA-protected

confidential information cannot be redacted prior to disclosure, as counsel for Defendant Sinha suggests.  For all of the foregoing reasons, the Board has not met its burden of demonstrating that the subpoena should be quashed.  Accordingly, the Board's Motion [125] to Quash should be denied.  The Board was served with the subpoena at issue on September 16, 2014, and is ordered to produce documents and records responsive to the subpoena no later than **October 16, 2014**.

C. <u>Confidentiality Order</u>

As an alternative argument, the Board submits that disclosure be made pursuant to a confidentiality order.  Mot. [125] 3.  The Court will grant this request, even though the Board has proposed no terms for such an order nor provided a proposed order.

All documents and records produced by the Board pursuant to the subpoena must be kept confidential and used only for purposes of this litigation and must not be disclosed to anyone except named parties to this litigation, the parties' counsel of record, federal law enforcement agents involved in the underlying criminal investigation of Defendant Sinha, and experts retained in connection with this litigation.  If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that nonresident attorney Doris Williams-McNeely's Request [127] to Waive the Requirement of Local Counsel is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that interested party Georgia Composite Medical Board's Motion [125] to Quash Subpoena to a Nonparty

is **DENIED**.   The Board is ordered to produce documents and records responsive to the subpoena to Defendant Sinha's counsel, Howard Weintraub, **no later than October 16, 2014**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the documents and records produced by the Georgia Composite Medical Board shall be subject to the following **Confidentiality Order:**   All documents and records produced by the Board pursuant to the subpoena must be kept confidential and used only for purposes of this litigation and must not be disclosed to anyone except named parties to this litigation, the parties' counsel of record, federal law enforcement agents involved in the underlying criminal investigation of Defendant Sinha, and experts retained in connection with this litigation.

**SO ORDERED AND ADJUDGED**, this the 7th day of October, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE